**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE:                                                          Chapter 11 Case

ORLANDO INTERNATIONAL RESORT CLUB                Case No. 6:25-bk-06813-GER
CONDOMINIUM ASSOCIATION, INC.,[1]

      Debtor.

_____/

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF K&L GATES LLP AS BANKRUPTCY
CO-COUNSEL TO DEBTOR EFFECTIVE AS OF THE PETITION DATE**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Jeffrey T. Kucera, Esq., K&L Gates LLP, Southeast Financial Center, Suite 3900, 200 South Biscayne Blvd., Miami, Florida  33131 within fourteen (14) days from the date of the attached proof of service, plus an additional three (3) days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Orlando International Resort Club Condominium Association, Inc. (the "<u>Debtor</u>" or

"<u>Association</u>") hereby submits this *Debtor's Application for Entry of an Order Authorizing the*

*Employment and Retention of K&L Gates LLP as Bankruptcy Co-Counsel to Debtor Effective as*

---

[1] The last four digits of Debtor's tax identification number are 2126.  Debtor's primary place of business is 5353 Del Verde Way, Orlando, Florida 32819.

*of the Petition Date* (this "Application"), seeking entry of an order approving the employment of the law firm K&L Gates LLP ("K&L Gates" or the "Firm"), effective as of the Petition Date (defined below), to represent Debtor as co-counsel in the above captioned bankruptcy proceeding (the "Chapter 11 Case"). In support of this Application, Debtor relies upon; (i) the *Declaration of Daniel M. Eliades in Support of Debtor's Application for Entry of an Order Authorizing the Employment and Retention of K&L Gates LLP as Bankruptcy Co-Counsel to Debtor Effective as of the Petition Date*, attached hereto as **Exhibit A** (the "Eliades Declaration"), and (ii) the *Statement of Daniel M. Eliades Pursuant to 11 U.S.C. § 329(a) and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit B** (the "Eliades 2016(b) Statement"). Also attached hereto as **Exhibit C** is a proposed form of order (the "Proposed Order") granting and approving this Application. In further support of this Application, Debtor respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for relief sought herein are sections 327(a), 328, 329, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On October 23, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11, title 11 of the Bankruptcy Code. Debtor is operating its business and managing its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No official committee has been appointed in the Chapter 11 Case and no request has been made for removal of Debtor as a debtor in possession.

5.      Debtor is a not-for-profit corporation organized under the laws of the State of Florida. Pursuant to its By-Laws, Debtor was organized and exists to administer the Orlando International Resort Club I, a Condominium located in Orange County Florida.

6.      The property governed by the Association includes 63 condominium units, a reception and administration building, a clubhouse, a pool and sports/tennis courts on a 4.639+ acre site commonly known as 5353 Del Verde Way, Orlando, Florida (the "Property").

7.      The Property operates as a timeshare resort. There are 3,276-unit weeks (or intervals) in the condominium.  The By Laws provide that the owners of the condominium units (or intervals) are the members of the Association (the "Association Members").

8.      Debtor owns 63 intervals at the Property and a concomitant share of the common elements at the Property (the "Association Interest").  The Association Interest comprises 1.92% of the total intervals at the Property.  Debtor is a tenant in common with all other interval owners, as Association Members.

9.      PTVO Owners Association, Inc.  ("PTVO") owns 1,334 intervals at the Property, which is 40.72% of the total intervals. Wyndham Vacation Resorts, Inc. ("WVR") owns 555 intervals at the Property, which is 16.94% of the total intervals. The remaining 1,324 intervals (40.42% of the total intervals) are owned by parties to corresponding contracts ("Interval Owners"), with each interval having its own separate corresponding contract.

10.      Debtor manages the Property through a professional property manager.  Vacation Resort Management, Inc. f/k/a Wyndham Vacation Management, Inc. (the "Property Manager") provides management services to the Property for Debtor, pursuant to that certain Amended and

Restated Management Agreement between the Property Manager and Debtor, dated as of January 1, 2011 (the "Management Agreement"). Upon information and belief, Property Manager and WVR, an Association Member, are affiliates.

11.     For a detailed description of Debtor and its operations, Debtor respectfully refers the Court and parties in interest to *Declaration of Larry Baudoin in Support of Debtor's Chapter 11 Petition and First Day Relief* [Doc. No. 7] (the "First Day Declaration"), which is incorporated herein by reference.

## RELIEF REQUESTED

12.     By this Application, Debtor seeks authorization to employ and retain K&L Gates as its co-counsel in connection with the filing and prosecution of this Chapter 11 Case, effective as of the Petition Date, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016, and 6003 and in accordance with the terms of the Engagement Letter (defined below).  In support of this Application, Debtor submits the Eliades Declaration and the Eliades 2016(b) Statement.

13.     Debtor believes that it is in the best interest of its estate to retain K&L Gates as co-counsel in this Chapter 11 Case.  Debtor understands that the attorneys at K&L Gates engaged in this matter are authorized to practice in this Court, or will seek admission pro hac vice, and are qualified to advise Debtor on its relations with, and responsibilities to, the creditors and other interested parties in the Chapter 11 Case.

## K&L GATES'S QUALIFICATIONS

14.     Debtor seeks to retain K&L Gates as its co-counsel in light of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  K&L Gates is well qualified to serve as Debtor's co-counsel in this Chapter 11 Case.  K&L Gates is a global law firm with a national

and international practice and has substantial experience in virtually all aspects of the law that may potentially arise in connection with the Chapter 11 Case, including bankruptcy, not-for-profit corporations, finance, litigation, real estate, and mergers and acquisitions. In addition, K&L Gates professionals have significant experience in representing developers, associations, and other parties in restructuring and/or sale of timeshare resorts, including in bankruptcy cases. K&L Gates's restructuring and insolvency practice group consists of dozens of attorneys practicing in offices throughout the United States and overseas.

15.    Since its initial engagement in May of 2025, K&L Gates has gained significant knowledge about Debtor, its history, capital structure, governance, business operations, financial condition, and related matters.  K&L Gates's professionals have worked closely with Debtor's Board of Directors, management and other professionals. Due to the prior work performed by K&L Gates on behalf of Debtor as well as in preparing for the Chapter 11 Case, K&L Gates has become familiar with Debtor's business and affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Case. K&L Gates's knowledge regarding Debtor and its personnel will result in effective and efficient services in the Chapter 11 Case. Accordingly, Debtor believes that K&L Gates is uniquely qualified to represent it in the Chapter 11 Case and will do so in an efficient manner.

16.    Debtor has reviewed the Firm's hourly rates and has determined that K&L Gates's rates are reasonable. K&L Gates further informed Debtor that the Firm operates in both national and regional marketplaces for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the Firm's expertise, performance, and reputation, the nature of the work involved, as well as other factors. The hourly rates K&L Gates charged Debtor prior to the Petition Date are the same as the rates K&L Gates has indicated it will

charge Debtor post-petition. K&L Gates has informed Debtor (and discloses herein) that the Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

17.     Debtor supervises all legal fees and expenses in order to reasonably manage costs. Debtor recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure that the fees and expenses paid by Debtor's estate remain consistent with Debtor's expectations and the exigencies of the Chapter 11 Case.  As it did pre-petition, Debtor will continue to review and monitor professional fees and expense reimbursement requests for reasonableness.

18.     In sum, Debtor believes that K&L Gates is both well-qualified and uniquely able to represent it in an efficient and timely manner, and that the services of K&L Gates are necessary and essential to Debtor's performance of its duties as debtor in possession.

**SERVICES TO BE PROVIDED**

19.     Debtor seeks to retain K&L Gates to render general legal services as its bankruptcy co-counsel throughout its Chapter 11 Case.  In summary, K&L Gates will primarily provide the following services to Debtor in the Chapter 11 Case, which list is not exhaustive:

(a) advising Debtor with respect to its rights, powers, and duties as debtor-in- possession in the continued management and operation of its business and assets, as well as management of the Property;

(b)  advising Debtor with respect to the conduct of the Chapter 11 Case, including all legal and administrative requirements imposed by the Bankruptcy Code and Bankruptcy Rules;

(c)  taking all necessary actions to protect and preserve Debtor's estate, including the prosecution of actions on Debtor's behalf, the defense of any actions commenced against Debtor, the negotiation of disputes in which Debtor is involved, and the preparation of objections to claims filed against Debtor's estate;

(d)   preparing on behalf of Debtor all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of Debtor's estate;

(e)  taking all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of Debtor's estate;

(f)   appearing before the Court and any other courts to represent the interests of Debtor's estate;

(g)   attending meetings and representing Debtor in negotiations with representatives of creditors and other parties-in-interest;

(h)   negotiating and preparing documents and pleadings relating to the disposition of assets as requested by Debtor, including in connection with the marketing and sale of Debtor's interest in the Property together with the interests of all Association Members in the Property;

(i)   advising Debtor on transactions and matters relating to any sale of Debtor's assets, including the Association Interest together with the interests of all Association Members in the Property; and

(j)   performing such other legal services for Debtor as may be necessary and appropriate in the administration of these Chapter 11 Case, including: (i) analyzing Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against Debtor's assets; and (iii) advising Debtors on corporate matters and governance issues.

20.     By separate applications, Debtor has asked or intends to ask the Court to approve the retention of (a) Omni Agent Solutions, Inc. as its notice, claims and solicitation agent, (b) Hilco

1603236382.10

Real Estate, LLC as its real estate broker and adviser, and (c) Shuker & Dorris, P.A. ("Shuker & Dorris") as local and conflicts counsel to Debtor.  Debtor may also file motions or applications to employ additional professionals in the future, and may also seek authority to retain certain ordinary course professionals as well.

21.    Each of the firms listed above works, and will continue to work, under the direction of Debtors' Board of Directors and management.  Debtor's directors and management are committed to minimizing duplication of services to reduce professional costs.  Debtor understands that K&L Gates will coordinate with Debtor and work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

## PROFESSIONAL COMPENSATION

22.    Debtor understands that, subject to the Court's approval, K&L Gates will be compensated at its proposed hourly rates, which are based on the professionals' level of experience. Debtor further understands that K&L Gates will seek Court approval of its compensation and reimbursement of its actual, necessary, and reasonable expenses, and other charges incurred by the Firm in connection with the Chapter 11 Case, upon the filing of appropriate applications for interim and final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Middle District of Florida  The principal attorneys and paralegals presently designated to represent Debtor, and their current hourly rates in the Chapter 11 Case, are:

1603236382.10

| NAME | TITLE | HOURLY RATE |
|---|---|---|
| Jeffrey T. Kucera | Partner | $1,080.00 |
| Margaret R. Westbrook | Partner | $875.00 |
| Daniel M. Eliades | Partner | $765.00 |
| William Waldman | Partner | $760.00 |
| Jennifer Mazawey | Partner | $715.00 |
| Peter J. D'Auria | Counsel | $760.00 |
| Jonathan N. Edel | Associate | $685.00 |
| Ryan W. DeSimone | Associate | $480.00 |
| Joy M. VanDerWeert | Paralegal | $360.00 |
| Kyra Swinney-Darby | Paralegal | $360.00 |

23.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.[2]  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

24.     Other attorneys and paralegals from K&L Gates may from time to time also serve Debtor in connection with the matters described herein.  Debtor understands that K&L Gates will apprise and consult with Debtor regarding the identity and hourly rates of additional K&L Gates professionals who may provide services in the Chapter 11 Case.

25.     It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients, including Debtor, include, among other things, (a) copies, (b) outside printing, (c) telephone, (d) facsimile, (e) online research, (f) delivery services/couriers, (g) postage, (h) local travel, (i) out-of-town

---

[2] Generally, the Firm implements rate increases on January 1 of each year.

travel (including subcategories for transportation, hotel, meals, and ground transportation), (j) working meals (local), (k) court fees, (l) subpoena fees, (m) witness fees, (n) deposition transcripts, (o) trial transcripts, (p) trial exhibits, (q) litigation support vendors, (r) experts, (s) investigators, and (t) arbitrators/mediators.  The Firm will charge Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. It is Debtor's understanding that the Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

26.     It is Debtor's understanding that K&L Gates will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses (including, when appropriate, authority to apply the Retainer (defined below)).

27.     As set forth in the Eliades Declaration, K&L Gates has not shared nor agreed to share any of its compensation from Debtor with any other person, other than as permitted by section 504 of the Bankruptcy Code.

## PRE-PETITION COMPENSATION RECEIVED FROM DEBTOR

28.     K&L Gates was initially retained by Debtor to provide pre-petition services pursuant to an engagement letter dated as of May 21, 2025.  K&L Gates was subsequently retained by Debtor to provide pre-petition and post-petition services related to the Chapter 11 Case pursuant to an engagement letter dated as of October 13, 2025 (the "Engagement Letter"), a copy of which is attached as **Exhibit A** to the Eliades Declaration.

29.     Prior to the commencement of the Chapter 11 Case, Debtor paid the Firm $207,712.54, $200,145.04 of which was applied to pre-petition fees and expenses. Specifically, Debtor has made the following payments to K&L Gates[3]:

---

[3] A formal disclosure pursuant to Bankruptcy Rule 2016 and Section 329 of the Bankruptcy Code is attached hereto as Exhibit B.

| Payment Date | Amount |
|---|---|
| June 9, 2025 | $50,000.00 (Retainer) |
| July 8, 2025 | $20,662.75 |
| August 14, 2025 | $29,337.25 |
| August 21, 2025 | $9,849.25 |
| October 10, 2025 | $59,971.79 |
| October 16, 2025 | $67,891.50 |
| October 23, 2025 | $20,000 (Retainer) |
| October 23, 2025 | $12,432.50 |
| TOTAL PAID | $207,712.54 |
| TOTAL RECEIVED | $200,145.04 |
| REMAINING RETAINER | $7,567.50 |

30.    As noted, on October 23, 2025, K&L Gates received a $20,000 retainer pursuant to the Engagement Letter (the "Retainer"). On the same day, prior to the filing of Debtor's bankruptcy petition, K&L Gates applied $12,432.50 of the Retainer toward outstanding pre-petition fees and disbursements. After doing so, K&L Gates continues to hold a Retainer in the amount of $7,567.50, which will constitute an evergreen retainer as security for post-petition services and expenses in the Chapter 11 Case.

## DISINTERESTEDNESS OF PROFESSIONALS

31.    To the best of Debtor's knowledge, K&L Gates does not hold or represent an interest adverse to Debtor's estate.

32.    To the best of Debtor's knowledge, in reliance upon the disclosures made in the Eliades Declaration (which is incorporated herein by reference), K&L Gates is a "disinterested

person" as that term is defined in section 101(14) of the Bankruptcy Code[4] in that the Firm, its

partners, counsel, and associates:

   a.   are not creditors, equity security holders, or insiders of Debtor;

   b.   are not, and were not within two years of the Petition Date, directors, officers, or employees of Debtor; and

   c.   do not have an interest materially adverse to the interests of Debtor's estate or of any class of Debtor's creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

33.    The Eliades Declaration describes the relationships that K&L Gates has or had with

creditors of Debtor and other interested parties. To the best of Debtor's knowledge and except as

disclosed herein and in the Eliades Declaration, K&L Gates has not represented Debtor, its

creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to

Debtor or its estate.

34.    As disclosed to Debtor in each engagement letter with K&L Gates, and in the

Eliades Declaration, K&L Gates has in the past represented, currently represents, and likely in the

future will represent, certain parties-in-interest in the Chapter 11 Case.  All such representations

are or were in connection with matters wholly unrelated to Debtor and the Chapter 11 Case.

Pursuant to section 327(c) of the Bankruptcy Code, K&L Gates is not disqualified from acting as

Debtor's counsel merely because it has represented or currently represents certain parties-in-

interest in matters unrelated to the Chapter 11 Case.

---

[4] The Bankruptcy Code defines a "disinterested person" as one that (a) is not a creditor, equity security holder, or "insider" of the debtor, (b) was not within the 2 years before the petition date, a director, officer, or employee of the debtor, and (c) does not have an interest "materially adverse" to the estate or any class of creditors or equity security holders of the debtors "by reason of any direct or indirect relationship to, connection with, or interest in, the debtor." *See* 11 U.S.C. § 101(14).

35.     Debtor consents to concurrent representation by K&L Gates of its Current Clients (as identified in the Eliades Declaration) and of Debtor on matters that are unrelated. As noted above, Debtor is also proposing to retain Shuker & Dorris as co-counsel and as conflicts counsel. In the event any litigation, arbitration, or other adversarial proceedings arises between Debtor and a Current Client resulting in an actual conflict of interest for K&L Gates, K&L Gates will not represent either party in any such dispute, which would be handled by Shuker & Dorris on behalf of Debtor and independent counsel on behalf of the Current Client.

36.     K&L Gates has informed Debtor that the Firm will continue conducting a review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, K&L Gates will supplement its disclosure to the Court.

37.     For the above reasons, Debtor submits that K&L Gates's employment is necessary and in the best interests of Debtor and its estate.

## AUTHORITY FOR RELIEF

38.     Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, with the court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession's] duties under this title."  11 U.S.C. § 327(a).  Moreover, section 1107(b) elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 by explaining that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

39.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> Specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

40.    Debtor requests approval of the employment of K&L Gates effective as of the Petition Date.  Such relief is warranted by the circumstances presented by this Chapter 11 Case. Debtor's selection of K&L Gates as its bankruptcy co-counsel necessitated that K&L Gates immediately commence work on time-sensitive matters and promptly devote resources to Debtor's case pending submission and approval of this Application.

41.    Debtor submits that, for the reasons stated above, in the Eliades Declaration, and in the Eliades 2016(b) Statement as well, the retention of K&L Gates as its bankruptcy co-counsel, as described herein, is warranted.  Accordingly, the retention of K&L Gates as bankruptcy co-counsel to Debtor should be approved.

## NO PRIOR REQUEST

42.    No prior request for the relief sought in this Application has been made to this Court or any other court.

## NOTICE

43.    Debtor will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the Middle District of Florida; (b) Debtor's 20 largest unsecured creditors; (c) the United States Attorney's Office for the Middle District of Florida; (d) the Internal Revenue Service; (e) the Secretary of State for the State of Florida; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

1603236382.10

Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, Debtor respectfully requests entry of the Proposed Order submitted herewith granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Dated:  October 27, 2025                              Respectfully submitted,

**Orlando International Resort Club
Condominium Association, Inc.**

By: /s/ _Larry Baudoin_____
                         Larry Baudoin
                         President
                         Board of Directors

1603236382.10